IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KATIE CEASAR; and THELMA DORSEY                                          PLAINTIFFS

vs.                                                                                    No. 4:06CV78-D-B

UNION NATIONAL LIFE
INSURANCE COMPANY; et al.                                                       DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Humphreys County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

The Plaintiffs filed this action in the Circuit Court of Humphreys County, Mississippi, on April 12, 2006, asserting state law claims for, *inter alia*, fraud and negligence against the Defendants in connection with the Defendants' alleged conduct regarding burglary coverage endorsements to the Plaintiffs' homeowner's insurance policies. The Defendants subsequently removed the case to this court, asserting federal diversity jurisdiction as the basis for removal. Thereafter, the Plaintiffs motioned the court to remand this matter to state court, contending *inter alia* that federal diversity jurisdiction does not exist because the amount in controversy requirement has not been satisfied. Thus, argues the Plaintiffs, the court does not possess subject matter jurisdiction over this action.

*B. Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a).  Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. §1447(c).  The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand."  Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

Specifically, in cases such as this one, where the plaintiff asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000.00, the plaintiff's claim for damages - as set forth in the complaint - remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000.00.  See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

In order to determine if the removing defendant has met its burden, the court determines

whether it is "facially apparent" from the plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). In deciding this issue, the court simply examines the complaint and ascertains whether the amount in controversy is likely to exceed $75,000.00, referring to the types of claims alleged by the plaintiff as well as the nature of the damages sought. Allen, 63 F.3d at 1335-36.

If the removing defendant is able to establish that the amount in controversy exceeds $75,000.00, removal of the cause is deemed proper unless the plaintiff shows that, as a matter of law, it is certain that she will not be able to recover more than $75,000.00. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, once the removing defendant has established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiff's claim is for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. De Aguilar, 47 F.3d at 1412.

*C. Discussion*

1. Diversity Jurisdiction

Here, the Plaintiffs are not seeking a specified amount of damages. Instead, their complaint simply states that they are seeking compensatory damages in the sum of $365.00, as well as punitive damages. The burden is on the Defendants, therefore, to prove by a preponderance of the evidence that the amount in controversy actually exceeds $75,000.00. De Aguilar, 47 F.3d at 1409.

In attempting to meet their burden, the Defendants do not allege that the Plaintiffs have failed to act in good faith; instead, they argue that the Plaintiffs' inclusion of a demand for punitive damages, in addition to the $365.00 in compensatory damages that they are seeking, demonstrates by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000.00.

The court finds, however, that because the actual damages alleged in this case are such a small amount ($365.00), the likelihood that any punitive damages award will be 200 times that amount (and thus permit federal diversity jurisdiction) has not been demonstrated by a preponderance of the evidence. See, e.g., Fleming v. Cintas Corp., No. 4:03CV217-P-B, slip op. at 2 (N.D. Miss. Mar. 16, 2004); Porter v. Physicians Mut. Ins. Co., 5:04CV1-Br-Su, slip op. at 3-5 (S.D. Miss. Oct. 1, 2004) (case remanded when actual damages did not exceed $5,000.00, although claim for punitive damages was asserted).

Thus, the court finds that the Defendants' assertions that the amount in controversy exceeds $75,000.00 in this cause are without merit. See Allen, 63 F.3d at 1335 (holding that "removal ... cannot be based simply upon conclusory allegations [regarding the amount in controversy]"); De Aguilar, 47 F.3d at 1411 ("The possibility that plaintiff may in the future seek or recover more damages is insufficient to support federal jurisdiction now."); McLain v. American Int'l Recovery, Inc., 1 F. Supp. 2d 628, 630-31 (S.D. Miss. 1998) (stating that "[u]ntil a defendant receives in writing, a statement that suggests that a plaintiff plans to seek more than $75,000.00 in damages, the case is not removable to federal court."). The Defendants have not established that it is "facially apparent" from the plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum. Allen, 63 F.3d at 1335. Accordingly, the Plaintiffs' motion to remand will be granted pursuant to 28 U.S.C. §1447(c).

### D. Conclusion

In sum, the court finds that the amount in controversy in this case does not exceed $75,000.00. As such, federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 does not exist, this court does not possess subject matter jurisdiction, and the Plaintiffs' motion to remand shall be

4

granted.

A separate order in accordance with this opinion shall issue this day.

This the 25th day of October 2006.

/s/ Glen H. Davidson
Chief Judge